UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------------------------x

Joshua Alston-Jackson,
                              Plaintiff

            -against-

Equifax Information Services, LLC
Experian Information Solutions, Inc.,
Trans Union, LLC,
Conn Appliances, Inc.,

                                                                          Civil Action No. _3:21-cv-0129_

                              Defendant(s).
------------------------------------------------------------------------x

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Joshua Alston-Jackson ("Plaintiff"), by and through his attorneys, Meridian

Law, LLC, and as for his Complaint against Defendant Equifax Information Service, LLC

("Equifax"), Defendant Experian Information Solutions, Inc., ("Experian"), Defendant Trans

Union, LLC ("Trans Union"), and Defendant Conn Appliances, Inc., ("Conn Appliances")

respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

    U.S.C. § 1681p *et seq.*

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that

    the acts and transactions occurred here, Plaintiff resides here, and Defendants transact

    business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Virginia, County of Chesterfield, residing at 1906 Titanium Avenue, Apt 104, Midlothian, VA 23114.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Virginia, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Virginia, and may be served with process upon CT Corporation

System, its registered agent for service of process at 4701 Cox Road, Suite 285, Glen Allen, VA 23060.

10. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of Virginia, and may be served with process upon the Corporation Service Company, its registered agent for service of process, at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

13. At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

14. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant Conn Appliances, Inc., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with service upon the

CT Corporation System, its registered agent for service of process at 4701 Cox Road,

Suite 285, Glen Allen, VA 23060.

## **FACTUAL ALLEGATIONS**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Conn Appliances Dispute and Violation

17. On information and belief, on a date better known to Defendants Equifax, Trans Union, and Experian hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Conn Appliances account (account# 53934****).

18. The inaccurate information furnished by Defendant Conn Appliances and published by the Bureaus is inaccurate since it contains incorrect and improper late payment entries for months of May and June 2020.

19. On or around April 16, 2020 the Plaintiff contacted Defendant Conn Appliances to request a forbearance due to the Covid-19 Pandemic. Upon making his April payment, Conn Appliances granted the Plaintiff a deferment on his payments for the months of May and June 2020.

20. Additionally, the Plaintiff was promised that while in a deferment, no negative credit reporting would occur.

21. Despite this promise, Conn Appliances improperly marked the Plaintiff late for the months of May and June 2020.

22. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff notified the Bureaus that he disputed the accuracy of the information the Bureaus were reporting on or around August 11, 2020, with separate dispute letters sent directly to each credit bureau.

24. It is believed and therefore averred that the Bureaus notified Defendant Conn Appliances of the Plaintiff's dispute.

25. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Conn Appliances failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed late payment notations.

26. Had Conn Appliances done a reasonable investigation, it would have discovered that Plaintiff received a covid-19 deferment for those months and should not have been marked late for the months of May and June 2020.

27. Furthermore, under the "Cares Act," since the Plaintiff was current when Covid-19 began, he was not to be marked late during the time period detailed in the act which included the months of May and June 2020.

28. The verification of the credit reporting by Conn Appliances to the Bureaus amounts to a willful action and a clear failure to follow the guidelines that furnishers were required to follow during Covid-19.

29. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider

any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

30. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

31. Had the Bureaus done a reasonable investigation they would have found that the Plaintiff was in deferment for the months of May and June 2020, and updated the tradeline to reflect as such.

32. The Bureaus' continued reporting of this account, without doing a further investigation, especially due to the sensitive nature of late payments during Covid-19, amounts to a willful violation of the FCRA.

33. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

34. As of the date of the filing of this Complaint, Defendant Conn Appliances continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

35. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

36. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, a chilling effect on applications for future credit, and mental and emotional pain.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

39. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

40. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

41. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

42. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

43. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Alston-Jackson, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

46. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

47. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

48. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

49. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Alston-Jackson, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Experian)**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

53. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

54. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

55. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

56. The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

57. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Alston-Jackson, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

60. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

61. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

62. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

63. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Alston-Jackson, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Trans Union)

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

67. Trans Union violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

68. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h)  The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

69. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

70. The conduct, action and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

71. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Alston-Jackson, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

73. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

74. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

75. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

    h)  The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

76. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

77. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

78. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Alston-Jackson, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.


**SEVENTH CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Defendant Conn Appliances)**


79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

80. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

81. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

82. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

83. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the results must be supplied to other agencies which were furnished such information.

84. The Defendant Conn Appliances violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

85. Specifically, the Defendant Conn Appliances continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the improper late payment notations.

86. Had Conn Appliances done a reasonable investigation, it would have found that the Plaintiff was in a payment deferment period due to Covid-19 and should not have been marked late for the months of May and June 2020.

87. Furthermore, the verification of the credit reporting by Conn Appliances to the Bureaus amounts to a willful action and a clear failure to follow Covid-19 guidelines that furnishers are required to follow.

88. As a result of the conduct, action and inaction of the Defendant Conn Appliances, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

89. The conduct, action and inaction of Defendant Conn Appliances was willful, rendering Defendant Conn Appliances liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Conn Appliances in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Alston-Jackson, an individual, demands judgment in his favor against Defendant Conn Appliances for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Defendant Conn Appliances)**

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

92. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

93. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

94. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

95. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the results must be supplied to other agencies which were furnished such information.

96. Defendant Conn Appliances is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

97. After receiving the Dispute Notices from the Bureaus, Defendant Conn Appliances negligently failed to conduct its reinvestigation in good faith.

98. A reasonable investigation would require a furnisher such as Defendant Conn Appliances to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

99. Had Conn Appliances done a reasonable investigation, it would have found that the Plaintiff was in a deferment due to Covid-19 and should not have been marked late for the months of May and June 2020.

100.    The conduct, action and inaction of Defendant Conn Appliances was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

101.    As a result of the conduct, action and inaction of the Defendant Conn Appliances, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

102.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant, Conn Appliances, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Alston-Jackson, an individual, demands judgment in his favor against Defendant Conn Appliances, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

103.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)   For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.


Dated:  March 2, 2021

Respectfully Submitted,

**MERIDIAN LAW, LLC**

/s/ Aryeh E. Stein
Aryeh E. Stein, Esq. #45895
600 Reisterstown Rd., Suite 700
Baltimore, MD 21208
Phone: (443) 326-6011
Fax: (410) 653-9061
astein@meridianlawfirm.com
*Attorneys for Plaintiff*